**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1564
_____

MARYANN COTTRELL; RICHARD HOLLAND

v.

ZAGAMI, LLC,
d/b/a  The Landmark Americana Tap and Grill,
d/b/a Landmark Liquors,
d/b/a The Spot

MARYANN COTTRELL,
                                        Appellant
_____

No. 12-1565
_____

MARYANN COTTRELL; RICHARD HOLLAND

v.

ZAGAMI, LLC,
d/b/a Landmark Americana Tap and Grill,
d/b/a Landmark Liquors,
d/b/a The Spot

RICHARD HOLLAND,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. D.N.J. Civ. No. 08-cv-03340)
District Judge:  Honorable Joseph E. Irenas

Submitted Pursuant to Third Circuit LAR 34.1(a)

September 11, 2013

Before: SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed : September 16, 2013)

_____

OPINION
_____

PER CURIAM

Maryann Cottrell and Richard Holland each appeal from an order of the United States District Court for the District of New Jersey, which granted summary judgment for the Defendant in their lawsuit that raised claims of retaliation under the Americans with Disability Act, 42 U.S.C. § 12101 et seq. ("ADA"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD"). We will affirm the District Court's judgment.

We review a district court's decision to grant summary judgment de novo, applying the same test that the district court is to use. Chambers ex rel. Chambers v. Sch. Dist. of Phila., 587 F.3d 176, 181 (3d Cir. 2009). We will affirm a district court's judgment if, considering the evidence in the light most favorable to the non-moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Dilworth v. Metro. Life Ins. Co., 418 F.3d 345, 349 (3d Cir. 2005). To establish a prima facie case of retaliation under the ADA, Cottrell and Holland were required to show: (1) they engaged in a statutorily protected expression; (2) they suffered an adverse action; and (3) the adverse reaction

2

was causally related to the protected expression.  Higdon v. Jackson, 393 F.3d 1211, 1219 (11th Cir. 2004); Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 567-68 (3d Cir. 2002).  We agree with the District Court that Cottrell and Holland failed to establish a prima facie case of retaliation.

Cottrell and Holland claimed in their amended complaint that defendant Zagami, LLC, which owns three related businesses ("Landmark"), had retaliated against them for activity protected by the ADA, specifically, they alleged that in retaliation for their complaints about unauthorized use of handicap-accessible parking spots at Landmark, Landmark issued letters banning them from entering Landmark's property.[1]  Cottrell engaged in protected activity when she filed citizen's complaints against patrons of Landmark for handicapped parking violations in October and November of 2005, and when she filed another such complaint against Landmark and a beer distributor on January 27, 2006.[2]  We agree that being banned from Landmark properties suffices, at least at the stage of the prima facie case, to establish an adverse action.  But Cottrell and Holland did not establish a prima facie case of causation.  The letter banning Cottrell from Landmark, citing her "prior actions . . . disruptive of the regular and essential operations" of the business, is dated July 6, 2006, over five months after any parking

---

[1] The complaint also raised claims under state law, but because the same showings are required to establish a retaliation claim under both the NJLAD and the ADA, see Tartaglia v. UBS PaineWebber, Inc., 961 A.2d 1167, 1192 (N.J. 2008), our discussion applies equally to both of these claims

[2] We agree with the District Court that Holland failed to establish that he engaged in any protected activity before the time of the claimed adverse action, as he could not identify any specific incident when he documented parking violations at Landmark prior to the ban.

3

violations were issued.[3]  This period of time is not suggestive of a retaliatory motive based on the protected activity.  LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 233 (3d Cir. 2007) (gap of three months between protected activity and adverse action, without more, cannot create inference of causation to defeat summary judgment). We agree with the District Court that the ban letter's timing "suggests that it was causally connected to Cottrell's opposition to [Landmark's] liquor license renewal."  Dist. Ct. Op. at 12.  The letter was issued ten days after a public meeting, held at Cottrell's request, at which she opposed renewal of Landmark's liquor license, for reasons having nothing to do with Landmark's alleged ADA violations.

For the foregoing reasons, we will affirm the District Court's judgment.[4]

---

[3] Cottrell documented some alleged parking violations on June 26 and 27, 2006, but the complaints were not signed or issued until two weeks after the ban letter was sent, and Cottrell does not claim that Landmark was aware of this protected activity before the complaints were issued.

[4] Appellants' motion to file a CD containing exhibits is granted and the appellee's motion to strike the appellants' brief is denied.